UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

FIMCO SERVICES, LLC, *et al.*,      )
                                    )
  *Plaintiff*s,           )
                                    )  Case No. 1:10-cv-72
v.                                  )
                                    )  Judge Mattice
FIRSTMERIT BANK, N.A.,              )
                                    )
  *Defendant*.             )

## MEMORANDUM AND ORDER

  Before the Court is Defendant FirstMerit Bank, N.A.'s Motion to Dismiss [Court Doc. 20], filed with a Memorandum in Support [Court Doc. 21] ("Def.'s Mem. in Supp.") on January 24, 2011. Plaintiffs filed their Response [Court Doc. 24] ("Pls.' Respon.") on March 18, 2011, and Defendant filed its Reply [Court Doc. 25] on April 11, 2011. For the reasons explained below, Defendant's Motion to Dismiss [Court Doc. 20] will be **GRANTED IN PART** and **DENIED IN PART**.

## I. STANDARD OF REVIEW

  Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense is typically asserted as a motion to dismiss, where the movant challenges the sufficiency of claims set forth in a complaint. In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on its holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court explained this restatement by outlining the two "working principles" that underlay

*Twombly* and govern a motion to dismiss. *Id*. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and thus "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Instead, a court considering a motion to dismiss should accept as true only well-pleaded factual allegations. *Id.* at 1950. Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine, not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## II.   FACTUAL BACKGROUND

As the Court has already discussed the background of this case at length in its Memorandum and Order denying Defendant's Motion to Transfer Venue [Court Doc.

17], and as neither party cites any new factual allegations, the Court will not repeat the factual history in depth herein. In short, Plaintiff FIMCO Services, LLC (hereinafter "Fimco") is a limited liability company in Dayton, Tennessee, and Plaintiffs Randall and Jennifer Parr are members of Fimco, with Randall Parr serving as managing member. (Court Doc. 1, Def.'s Notice of Removal 2; Court Doc. 1-1, Compl. ¶ 2.) Defendant FirstMerit Bank, N.A. is a national bank with its principal place of business in Akron, Ohio (Def.'s Notice of Removal 2), although Plaintiffs allege that it provided banking services to them in Tennessee. (Compl. ¶ 3.)

The parties' relationship and the instant dispute arise out of two separate loans: one executed June 20, 2003 and for $420,000.00 ("the 2003 loan") and the other executed October 26, 2004 and for $217,889.50 ("the 2004 loan"). (Court Doc. 4-1, Hull Aff. ¶¶ 3-10, Exs. 1-8.) The 2003 loan was originally set to mature on June 30, 2006, but the parties amended the 2003 promissory note twice, first on August 24, 2006 to extend the maturity date of the note to October 31, 2006, and then on November 15, 2006 to extend the maturity date of the note to May 31, 2007. (Court Doc. 4-1, Hull Aff., Exs. 4, 5.) The 2004 loan had a November 15, 2007 maturity date. (Court Doc. 4-1, Hull Aff., Ex. 6.)

As the 2003 loan's new maturity date of May 31, 2007 approached, Plaintiffs entered into discussions with Defendant, specifically FirstMerit Assistant Vice President Eric Hull and Vice President Robert Folk, about either "renewing the loan or otherwise entering into another loan agreement." (Compl. ¶ 7.) Plaintiffs allege that on several occasions either or both of these individuals made specific representations that either their outstanding loans would be renewed or the parties would enter into new loan

agreements on similar terms. (*Id.* at ¶¶ 8-9.) Plaintiffs further allege that Defendant's employees' misstatements and misrepresentations – in particular that "they did not need to do anything else and that the new loans were going to be approved" – led Plaintiffs to believe that they were to make no more payments on the 2003 loan until the renewal was completed or the parties entered into the new agreement. (*Id.* at ¶ 8.) In fact, Plaintiffs allege, "Robert Folk . . . specifically assured the Plaintiffs as late as August and September, 2007, that everything was in good order with respect to their commercial loans" and that "the bank would renew the outstanding commercial loans on the same terms and conditions as had previously been in place." (*Id.* at ¶ 9.) Plaintiffs allege that they had entered into discussions with Cornerstone Bank, located in Chattanooga, Tennessee, about obtaining new loans to satisfy their obligations to Defendant but that, in reliance on Defendant's promises and representations, they discontinued those discussions. (*Id.* at ¶ 10.)

Plaintiffs next allege that in September 2007, they received a written communication from Folk that advised Plaintiffs that the 2003 loan was in default, an event which triggered the default of the 2004 loan. (*Id.* at 11.) Plaintiffs allege that they were only in default on these obligations because they relied on Defendant's misrepresentations in stopping payment on the loan while awaiting the renewal or new loan to be processed. (*Id.*) Finally, after Plaintiffs were already in default on these obligations, Defendant offered to make new loans to Plaintiffs, but on "much more expensive and totally different terms." (*Id.* at ¶ 12). Plaintiffs then returned to Cornerstone Bank and received new financing satisfying their obligations to Defendant, but they allege that the financing they obtained was "at much more expensive and less

advantageous terms which could have been had by the Plaintiffs before the Defendant's promises and misrepresentations." (*Id.*)

## III. ANALYSIS

In their Complaint, Plaintiffs state six different causes of action: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) "promissory fraud"; (4) breach of the [oral] contract to renew the outstanding loans on the same terms; (5) negligence premised upon a violation of Defendant's duty of good faith and fair dealing; and (6) violation of the Tennessee Consumer Protection Act insofar as it prohibits the "use or employment of any unfair or deceptive acts of [sic] practice" ("TCPA claim"). (*Id.* at ¶¶ 13-17.)

Although most of Defendant's arguments in its Memorandum in Support of its Motion to Dismiss address specific substantive defects in each of the claims, Defendant also argues that Jennifer and Randall Parr lack standing to pursue the claims stated in the Complaint against Defendant. (Def.'s Mem. in Supp. 1.) In Plaintiffs' Response, the individual Plaintiffs Jennifer and Randall Parr "concede that they have not suffered any distinct loss or damage, separate and apart from the damages claimed by [Fimco,] . . . that their individual claims would be derivative of [Fimco's,] . . . [and thus] that they can be dismissed as Plaintiffs" from the instant action. (Pls.' Respon. 2.) Accordingly, all claims of Plaintiffs Randall Parr and Jennifer Parr will be **DISMISSED WITH PREJUDICE**, and hereinafter, the Court will only refer to the remaining Plaintiff, FIMCO Services, LLC.

In addition, and in response to Defendant's arguments in its Motion to Dismiss, Plaintiff also agrees that a number of its substantive claims can be dismissed. For

-5-

instance, in response to Defendant's argument that Plaintiff's TCPA claim is barred by the statute of limitations and because the TCPA does not apply to the lender relationship between Defendant and Plaintiff, Plaintiff Fimco "concede[s] that the claim based on the alleged violation of the [TCPA] can be dismissed from this lawsuit." (*Id.*) Likewise, as to its breach of contract claim, Plaintiff "will acknowledge that it does not have a written promise signed by a representative of the bank upon which to base its contractual claim" and thus "concede[s] . . . that the breach of contract claim can be dismissed . . . ." (*Id.* at 3.) Finally, Plaintiff "concede[s] . . . that its claim that the Defendant breached its obligation of fair dealings in good faith can be dismissed at this juncture." (*Id.*) Accordingly, Plaintiff's TCPA, breach of contract, and good faith and fair dealing claims will all also be **DISMISSED WITH PREJUDICE**.

### A.  Plaintiff's Fraudulent and Negligent Misrepresentation Claims

The elements of a fraudulent misrepresentation claim[1] and a negligent misrepresentation claim[2] are substantially the same: both involving false information supplied by Defendant to Plaintiff on which Plaintiff reasonably relied and differing only

---

[1]  To state a claim for fraudulent misrepresentation, Plaintiff must allege that:

> (1) that [Defendant] made a representation of an existing or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that [Defendant] made the representation recklessly, with knowledge that it was false, or without belief that the representation was true; (5) that [it] reasonably relied on the representation; and (6) that [it was] damaged by relying on the representation.

*Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010) (quoting *Walker v. Sunrise Pontiac–GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008)).

[2]  To state a claim for negligent misrepresentation, Plaintiff must allege that: "the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information and the plaintiffs justifiably relied on the information." *Morrison v. Allen*, 338 S.W.3d 417, 437 (Tenn. 2011) (quoting *Walker v. Sunrise Pontiac–GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008)).

in terms of Defendant's state of mind with regard to the veracity of the information –

"recklessly, with knowledge it was false, or without belief that the representation was

true" for the former and "not exercis[ing] reasonable care in obtaining or

communicating the information" for the latter. Defendant's sole argument – made

perfunctorily in two paragraphs of its Memorandum in Support and one of its Reply –

with regard to these claims is that they must be dismissed because they "do not allege

representations about past or present facts," and that well-pled misrepresentation

claims require that "the alleged material misrepresentation [involve] a current or past

fact[,] not a future promise." (Def.'s Mem. in Supp. 14; Def.'s Reply 2.)

As Plaintiff points out, Defendant's characterization of the facts alleged in the

Complaint is plainly incorrect. At a minimum, Plaintiff's complaint alleges that the 2003

loan matured on May 31, 2007 and throughout June, July, August, and September of

2007, Defendant assured Plaintiff that they did not have to make any payments under

the 2003 loan until it was renewed or a new loan with substantially-similar terms was

executed. Therefore, at a minimum, in the Complaint, Plaintiff alleges that throughout

that time period (June-September 2007) Defendant misrepresented the status of

Plaintiff's loans, that is, that they were "in good order" as opposed to being in default.

Further, the facts as alleged in the Complaint (and with all reasonable inferences

therefrom drawn) call into question the veracity of Defendant's representations of its

own actions during that time period with regard to Plaintiff's loans, that is representing

that it was working on drafting a renewal or substantially-similar loan agreement while

allegedly doing nothing for several months after Plaintiff ceased making payments on

the 2003 loan before notifying Plaintiff of a default on both loans.

Accordingly, Defendant's Motion to Dismiss [Court Doc. 20] will be **DENIED** as to Plaintiff's Fraudulent and Negligent Misrepresentation claims.

## B.    Plaintiff's Promissory Fraud Claim

As with Plaintiff's misrepresentation claims, Defendant makes just one, cursorily-pled argument in moving to dismiss Plaintiff's promissory fraud claim[3]: that Plaintiff has "failed to allege any relevant facts supporting [its] contention that [Defendant] had no intent to perform," instead making "only the bare, legal conclusion that 'the bank did not have any intention of performing this promise.'" (Def.'s Mem. in Supp. 13.)

As an initial matter, the Court must point out that a "bare legal conclusion" in this case would be an allegation along the lines of "Defendant committed promissory fraud"; "the bank did not have any intention of performing this promise" is a factual allegation, not a legal conclusion. Further, although Defendant is correct that Plaintiff must "demonstrate the lack of present intent or that the statement was false when made . . . by evidence other than subsequent failure to keep the promise or subjective surmise or impression of the promisee," *Stacks v. Saunders*, 812 S.W.2d 587, 593 (Tenn. Ct. App. 1990) (quoting *Farmers & Merch. Bank v. Petty*, 664 S.W.2d 77, 81 (Tenn. Ct. App. 1983), it is not clear what else Defendant would require Plaintiff to

---

[3] To state a claim for promissory fraud, Plaintiff must allege that:

> (1) [Defendant made] an intentional misrepresentation with regard to a material fact, (2) [Defendant had] knowledge of the representation falsity - that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity, (3) that [P]laintiff reasonably relied on the misrepresentation and suffered damage, and (4) that . . . the misrepresentation must embody a promise of future action without the present intention to carry out the promise.

*Carter v. Patrick*, 163 S.W.3d 69, 77-78 (Tenn. Ct. App. 2004) (quoting *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990)).

plead as to Defendant's state of mind at this stage in the proceedings. Not only has Plaintiff clearly alleged that Defendant did not have the intention of performing its promise, but any number of the facts as alleged in the Complaint in this case – from the alleged misrepresentations about the status of Plaintiff's 2003 loan to the time between the 2003 loan's maturity date and the date when the notice of default was sent – with all reasonable inferences drawn therefrom in Plaintiff's favor, clearly support Plaintiff's assertion that Defendant did not have any intention of fulfilling its promise.[4]

Accordingly, Defendant's Motion to Dismiss [Court Doc. 20] will be **DENIED** as to Plaintiff's Promissory Fraud claim.

## IV.    CONCLUSION

Accordingly, and for the reasons stated above, Defendant's Motion to Dismiss [Court Doc. 20] are hereby **GRANTED IN PART** as to the standing of individual Plaintiffs Randall and Jennifer Parr and as to Plaintiff's TCPA, breach of contract, and good faith and fair dealing claims and **DENIED IN PART** as to Plaintiff's Fraudulent Misrepresentation, Negligent Misrepresentation, and Promissory Fraud claims. Plaintiffs Randall Parr and Jennifer Parr and the TCPA, breach of contract, and good faith and fair dealing claims are all hereby **DISMISSED WITH PREJUDICE**.

Further, and in accordance with Federal Rule of Civil Procedure 16(b) and Local Rule 16.1, the parties are hereby **ORDERED** to appear for a scheduling conference

---

[4]   It is also worth noting that the (two) (unpublished) cases Defendant cites that discuss promissory fraud – *Styles v. Blackwood*, No. E2007-00416-COA-R3-CV, 2008 WL 5396804 (Tenn. Ct. App. Dec. 29, 2008) and *Noblin v. Christiansen*, No. M2005-01316-COA-R3-CV, 2007 WL 1574273 (Tenn. Ct. App. May 30, 2007) – were both appeals from a trial court's determination after a bench trial and were not decided in the context of a motion to dismiss.

before the undersigned at **2:00 p.m. EDT** on **October 17, 2011**, in Chambers, Room 104, 900 Georgia Avenue, Chattanooga, Tennessee. Should any party desire to reschedule the conference, it shall confer with all attorneys actively involved in this case and notify the Court by email to mattice_chambers@tned.uscourts.gov with three alternate dates and times. Parties will be notified by separate Order of the new date and time and should not contact chambers by telephone to reschedule.

**Prior to attending this conference, counsel are expected to discuss with their clients the possibility of consenting to have a United States Magistrate Judge conduct all further proceedings including trial and entry of a final judgment. A consent form can be downloaded from the Court's website at http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf.**

The purposes of this conference will be to discuss the possibility of settlement and to set a schedule for the expeditious management of the case. **All attorneys who are to be actively involved in this case are expected to be present in person.** Before attending the scheduling conference, the Court strongly encourages the parties to familiarize themselves with the Court's judicial preferences and standard forms – available at http://www.tned.uscourts.gov/judges.php?judge=3 – particularly the form used for the scheduling order, as those present will be expected to be prepared to discuss all matters discussed therein. The parties are also encouraged to comply with Federal Rule of Civil Procedure 26(f), requiring a discovery planning meeting, and Federal Rule of Civil Procedure 26(a)(1), requiring certain initial disclosures, before attending this scheduling conference. If the parties are unable to do so, the Court will order compliance at a time and place to be set forth in a scheduling order.

-10-

**SO ORDERED** this 29th day of September, 2011.

_____/s/Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE